THIS was a case stated. The plaintiff, Mary A.C. Watson, was a married woman, living with her husband in premises rented by him from Medford L. Watson, the defendant, but she owned and had on the premises during the tenancy certain personal property which she held in her own right, and which had been removed from them before the defendant distrained on them for the rent, when she brought this action of replevin in her own name to recover the goods, and the question submitted was whether she was entitled to recover in the action?
Robinson for the plaintiff. The landlord in this case had no right since the enactment of the statute of April 9, 1873, for the benefit of married women, to distrain upon the property of the plaintiff, a married woman, for rent due from her husband after the expiration of the tenancy and after the removal of such property from the demised premises. The act referred to, chap. 120, § 23, Rev. Code, 710, relieves the property, real and personal, of married women from liability for their husband's debts, and expressly declares it their sole and separate property, is a remedial statute and as such is to receive a liberal construction. Coverdal v. Gorman, 4 Houst., 624; New v. Pile, 2 Houst., 9. But the act has not deprived the husband of his right and authority to select a residence for both himself and his wife, nor has it relieved him of his duty and obligation to support her. 2 Bishop on Married Women, §§ 156, 157. So far as the landlord of the premises in the case was concerned the separate goods and chattels of the wife, were therefore the same as those of an entire stranger to the husband, and under the statute were not liable to his distress for the rent after their removal from the premises. Taylor's Landlord and Tenant, §§ 576, 577; Postmanv. Havill, 25 E.C.L., 369; Thorton v. Adams, M. S., 38; Coles v. Maynard, 11 Hill, 447; Frisby v.
Thayer, 25, Wend., 396; Adams v. Lacomb, 1 Dall., 440.
The counsel for the defendant submitted the case without argument.
 The Court gave judgment for the plaintiff. *Page 32